1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FROY DIAZ BRITO,                        Case No. 2:25-cv-1231-DJC-CSK

12                    Plaintiff,

13           v.                                FINDINGS AND RECOMMENDATIONS

14    CONGRESS, et al.,

15                    Defendants.              (ECF Nos. 1,2)

16    _____

17           Plaintiff Froy Diaz Brito is representing himself in this action and seeks leave to

18    proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the

19    reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the

20    Complaint be dismissed without leave to amend.

21    I.      MOTION TO PROCEED IN FORMA PAUPERIS

22           28 U.S.C. § 1915(a) provides that the court may authorize the commencement,

23    prosecution or defense of any suit without prepayment of fees or security "by a person

24    who submits an affidavit stating the person is "unable to pay such fees or give security

25    therefor." This affidavit is to include, among other things, a statement of all assets the

26    person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

27    _____

28    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See* ECF No. 2. However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

/ / /

/ / /

1    **II.    SCREENING REQUIREMENT**

2         Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint

3    warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening.

4    Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

5    proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to

6    state a claim on which relief may be granted," or "seeks monetary relief against a

7    defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,

8    203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

9    arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In

10   reviewing a complaint under this standard, the court accepts as true the factual

11   allegations contained in the complaint, unless they are clearly baseless or fanciful, and

12   construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27;

13   *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.

14   2010), cert. denied, 564 U.S. 1037 (2011).

15        Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627

16   F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*).

17   However, the court need not accept as true conclusory allegations, unreasonable

18   inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d

19   618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does

20   not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007);

21   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

22        To state a claim on which relief may be granted, the plaintiff must allege enough

23   facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

24   claim has facial plausibility when the plaintiff pleads factual content that allows the court

25   to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26   *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the

27   complaint and an opportunity to amend unless the complaint's deficiencies could not be

28   cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

1 | F.3d 336, 339 (9th Cir. 1996).

2 | III.    **THE COMPLAINT**

3 |     Plaintiff brings this action against Defendants "Transnational FBI," "DOD-

4 | Department of Defense," "Congress," and the "Judicial Branch."[2] Compl. at 2-3 (ECF No.

5 | 1). Plaintiff alleges federal question jurisdiction pursuant to: "Polaris, RICO, 120,

6 | Executive Order 13677, Federalist Papers." Compl. at 4. The entirety of the allegations

7 | in the Complaint are as follows:

8 | > (Pegasus) I was pulled out with the intent to be undercover

9 | > and investigate what exactly was going on directly with the
> Southern Section of California  and its involvement directly to
> young lives of the level 14 facilities. Meanwhile just recently I

10 | > was removed to Washinton DC and back to California with
> the request from Congress to submit a submittal of the

11 | > season in which COVID and the arise of several serial killers
> along the way.

12 |

13 | Compl. at 5. For relief, Plaintiff seeks "Travel Comp," "[w]are costs of vehicle," and

14 | "[r]estitution and loss of [p]ain and [s]uffering." Compl. at 6.

15 | IV.    **DISCUSSION**

16 |     **A.    Immunity**

17 |     Plaintiff names in his Complaint the Judicial Branch as a defendant. Compl. at 3.

18 | Plaintiff's bare and vague allegations make it difficult to decipher what claims are being

19 | alleged against which judge. *See generally* Compl. Even if Plaintiff's allegations were not

20 | bare and vague, such claims should be dismissed. Under the doctrine of judicial

21 | immunity, judges have absolute immunity for their acts related to the judicial process.

22 | *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *De-moran v. Witt*, 781 F.2d 155,

23 | 158 (9th Cir. 1985). Accordingly, Defendant Judicial Branch is immune from suit, and

24 | should be dismissed.

25 |     As to Defendant Congress, the Complaint is bare as to any allegations against

26 |

---

[2]  The Court notes that the Complaint also refers to other parties but it is unclear

27 | whether these parties are being named as defendants. *See* Compl. Regardless, this
does not change the analysis as even if other parties are named as defendants, there is

28 | no jurisdiction or claim sufficiently pled.

1    Defendant Congress and Plaintiff does not allege that Defendant Congress acted

2    beyond its legislative activities. *See generally* Compl. The claims against Congress

3    should be dismissed based on absolute immunity. The Speech and Debate Clause of

4    the United States Constitution provides absolute immunity to the members of Congress

5    against any claim that is based on their legislative activities. *See* U.S. Const., art. I, § 6,

6    cl. 1; *Eastland v. U.S. Servicemen's Fund,* 421 U.S. 491, 502–03 (1975). Therefore,

7    Defendant Congress is immune from suit, and should be dismissed.

8         Finally, Defendants FBI and the Department of Defense are federal agencies.

9    Plaintiff's claims against Defendants "Transnational FBI" and "DOD – Department of

10   Defense" should be dismissed based on the doctrine of sovereign immunity. "Suits

11   against the federal government are barred for lack of subject matter jurisdiction unless

12   the government expressly and unequivocally waives its sovereign immunity." *Mills v.*

13   *United States*, 742 F.3d 400, 404 (9th Cir. 2014). Without a waiver, sovereign immunity

14   bars both equitable and legal claims against the United States, its agencies, and its

15   officers acting in their official capacities. *See Assiniboine & Sioux Tribes of Fort Peck*

16   *Indian Reservation v. Bd. Of Oil & Gas Cons. Of State of Mont*., 792 F.2d 782, 792 (9th

17   Cir. 1986). Plaintiff does not allege any basis for waiver here. *See generally* Compl.

18   Accordingly, Defendants FBI and the Department of Defense are immune from suit, and

19   should be dismissed.

20         **B.    Failure to Comply with Federal Rule of Civil Procedure 8**

21         Plaintiff's Complaint also does not contain a short and plain statement of a claim

22   as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims

23   and the grounds on which they rest, a plaintiff must allege with at least some degree of

24   particularity overt acts by specific defendants which support the claims. *See Kimes v.*

25   *Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts

26   supporting any cognizable legal claim against Defendants. The Complaint consists of

27   vague and conclusory allegations that fail to establish Plaintiff's causes of action.

28   Furthermore, each Defendant is immune from suit. Because the Complaint is

1  unintelligible, granting leave to amend in this case would not be fruitful.

2  Although the Federal Rules adopt a flexible pleading policy, even a pro se

3  litigant's complaint must give fair notice and state the elements of a claim plainly and

4  succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The

5  Complaint therefore fails to state a claim on which relief may be granted and is subject to

6  dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming

7  dismissal of complaint where "one cannot determine from the complaint who is being

8  sued, for what relief, and on what theory, with enough detail to guide discovery").

9  **C.     Leave to Amend**

10  In considering whether leave to amend should be granted, the Court finds that the

11  Complaint is without merit and consists entirely of allegations with no basis in law. *See*

12  *generally* Compl. The Complaint does not contain facts supporting any cognizable legal

13  claim against Defendants. Moreover, each Defendant is immune from suit. In light of the

14  Complaint's deficiencies, granting leave to amend would be futile. The Court further

15  notes that Plaintiff has filed other complaints in this district court that are pending

16  dismissal for failure to state a claim. *See Brito v. NATO*, 2025 WL 2098583, at *2 (E.D.

17  Cal. July 25, 2025) (discussing the complaint's allegations as "fanciful and delusional"

18  and recommending dismiss of the complaint without leave to amend); *Brito v. TSA*, 2025

19  WL 1293440, at *2 (E.D. Cal. May 5, 2025) (recommending dismissal of the complaint as

20  "frivolous" without leave to amend). The Complaint should therefore be dismissed

21  without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d

22  1103, 1105-06 (9th Cir. 1995).

23  **V.     CONCLUSION**

24  Based upon the findings above, it is RECOMMENDED that:

25  1.     Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

26  2.     Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend;

27  and

28  3.     The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 18, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, brit1231.25

7